```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Lonny Bristow,                  :

      Plaintiff,               :

  v.                            :    Case No.  2:08-cv-0250

William A. Eleby,               :    JUDGE MARBLEY

      Defendant.              :

REPORT AND RECOMMENDATION

    Plaintiff Lonny Bristow, a state prisoner, filed an amended complaint for monetary and injunctive relief against William A. Eleby, the Chief of the Bureau of Classification and Reception of the Ohio Department of Rehabilitation and Correction, pursuant to 42 U.S.C. §1983. The amended complaint concerns the defendant's denial of Mr. Bristow's request for placement in protective custody at an institution other than the Southern Ohio Correctional Facility. Presently before the Court is the defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the following reasons, it is recommended that the motion be granted in part and denied in part.

I.

    Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part:

> After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings
>
> ...
>
> If, on a motion under ... 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the

material that is pertinent to the motion. Fed. R. Civ. P. 12(c),(d).

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. <u>Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 479 F.2d 478, 480 (6th Cir.1973). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

## II.

The following facts are taken from the amended complaint. In March 2001, Mr. Bristow, Steve Hamilton and Joshawa Reed were inmates at SOCF. While in prison, inmate Hamilton informed Mr. Bristow of his involvement in some armed robberies for which he was then on trial. Mr. Bristow relayed the information to authorities and then testified against Hamilton at the trial. Hamilton was convicted of the armed robberies and received a 27-year sentence to run consecutively to the prison term he was already serving. Soon thereafter, inmate Reed, who, like inmate Hamilton, was a member of the Aryan Brotherhood, sent a handwritten note to Mr. Bristow threatening to kill him for testifying against Hamilton.

Following this threat, Mr. Bristow asked for and received placement into protective control. Officials at SOCF took steps to separate inmates Reed and Hamilton and Mr. Bristow from each other. On August 20, 2001, Mr. Bristow was transferred to protective control at Warren Correctional Institute. In June 2002, Mr. Bristow was transferred to Toledo Correctional

Institute for a rule violation in lieu of a transfer back to SOCF. Mr. Bristow also served stints in Marion and Trumbull before he eventually was transferred back to WCI.

During his second stay at WCI, Mr. Bristow filed suit in January 2005 against defendant Eleby and other officials regarding the allegedly dangerous manner in which protective control was being operated in the Ohio prison system. Mr. Bristow also maintained similar claims on behalf of several other inmates. In the midst of this litigation, Mr. Bristow was institutionally convicted of using a telephone to facilitate fraud. Defendant Eleby purportedly used this conviction as a pretext for returning Mr. Bristow to SOCF. Mr. Bristow filed suit to stop his transfer to SOCF, but defendant Eleby successfully defended against this lawsuit by stating in an affidavit that Mr. Bristow could be safely returned to SOCF because neither inmate Hamilton nor Thomas Goad, another inmate from whom Mr. Bristow had been institutionally separated, was a prisoner there.

After Mr. Bristow was released from protective control at WCI and returned to SOCF, defendant Eleby allegedly transferred inmates Goad and Hamilton to SOCF. Goad has since been released from custody, but both Mr. Bristow and inmate Hamilton are assigned to the general population at SOCF. Mr. Bristow requested placement in protective control at a different institution, which defendant Eleby denied. Mr. Bristow contends his request was denied in retaliation for the litigation and other problems he had spawned. In his view, such denial amounts to deliberate indifference to a known serious risk of harm in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

### III.

Defendant Eleby argues that Mr. Bristow's claim for injunctive relief became moot upon his transfer from SOCF to the

3

Ohio State Penitentiary at Mansfield subsequent to the commencement of this action. Mr. Bristow responded in his memorandum contra that his request for injunctive relief is not moot because his transfer from OSP back to SOCF was already in process and would take place any day. Defendant Eleby replied that Mr. Bristow had himself initiated the transfer and, thus, had voluntarily re-encountered any risk of harm from inmate Hamilton.  As a result, defendant Eleby maintains that Mr. Bristow cannot overcome the presumption of mootness. To support this argument, defendant Eleby submitted the affidavit of Gina Wylie, an executive secretary to the warden at OSP, attesting to the fact that on January 25, 2008, Mr. Bristow set his own transfer in motion. Attached to her affidavit is a copy of the transfer form bearing his signature. Mr. Bristow then filed a supplement to his memorandum contra in which he disputed the voluntariness of his transfer back to SOCF.

At the time Mr. Bristow filed his amended complaint and defendant Eleby filed his answer, Mr. Bristow and Hamilton were inmates in the general population at SOCF. Accordingly, a live controversy existed at the pleadings stage with respect to Mr. Bristow's request to be placed in protective control at another institution. Defendant Eleby's contention that this requested relief is now moot is dependent upon Mr. Bristow's transfer from SOCF to OSP after the pleadings had been closed.

In order to resolve the question of mootness, the Court would have to consider the affidavit and various other attachments to defendant Eleby's reply memorandum, as well as the documents Mr. Bristow appended to his supplemental memorandum. Since these materials are outside the pleadings, the Court would have to treat the motion for judgment on the pleadings as a motion for summary judgment and afford each of the parties an opportunity to present evidence of the type contemplated by Fed.

4

R. Civ. P. 56 such as affidavits, admissions, answers to interrogatories, depositions, and other discovery materials. See Fed. R. Civ. P. 12(d).

Discovery in this case was earlier stayed at defendant Eleby's request pending a ruling on the motion for judgment on the pleadings. For that reason alone, treating the motion as one for summary judgment would not be appropriate given Mr. Bristow's present inability to obtain the evidentiary materials he might need to support his claim for injunctive relief. The Court will, therefore, exclude any matters outside of the pleadings, including Ms. Wylie's affidavit[1] and the various other attachments to the parties' memoranda. Because the Court cannot determine from the pleadings themselves that Mr. Bristow's claim for injunctive relief is moot, defendant Eleby is not clearly entitled to judgment on this claim.

IV.

In addition to injunctive relief, Mr. Bristow seeks compensatory damages of $5,000.00 for emotional and mental distress and punitive damages of $25,000.00. Defendant Eleby contends that under the Prison Litigation Reform Act, Mr. Bristow cannot recover damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). This Court agrees. The failure of Mr. Bristow to allege any physical injury is fatal to his claim for monetary damages. See Ferdinandsen v. State of Ohio, No. C2-01-630, 2002

---

[1]Defendant Eleby originally submitted the affidavit of Linda C. Coval in support of his contention that Mr. Bristow had failed to exhaust all administrative remedies prior to filing this lawsuit. Because defendant Eleby has abandoned this argument, see, Defendant's Reply p. 1, n. 1, Ms. Coval's affidavit, even if not specifically excluded, is of no relevance to the defendant's remaining arguments.

5

WL 31998964 at *3 (S.D. Ohio July 26, 2002).

In a similar vein, the Court of Appeals for the Sixth Circuit has recognized that "[h]owever legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault that gives rise to a compensable claim under the Eighth Amendment." Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998)(quoting Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996)). Mr. Bristow has not alleged that he suffered an actual assault by inmate Hamilton or any other member of the Aryan Brotherhood as a result of defendant Eleby's failure to protect him. Therefore, he fails to state a claim against defendant Eleby for damages under the Eighth Amendment. See Wells v. Jefferson County Sheriff Dept., 159 F.Supp.2d 1002, 1010 (S.D. Ohio 2001).

On the other hand, injunctive relief is available when required to protect inmates from unconstitutional threats of harm. See Wilson, 148 F.3d at 601. An inmate need not allege that he has been the victim of an actual assault to bring a failure-to-protect claim as long as he alleges that he reasonably fears such an assault. See Ortiz v. Voinovich, 211 F.Supp.2d 917, 924 (S.D. Ohio 2002). Mr. Bristow has met that pleading threshold in this case.

V.

Lastly, defendant Eleby argues that Mr. Bristow has failed even to allege a colorable Eighth Amendment claim. Defendant Eleby asserts that the mere fact that Mr. Bristow was placed in protective control in the past as the result of threats from inmate Hamilton does not necessarily establish the existence of a present threat of imminent harm even though the two are now both housed in the same general inmate population. Assuming that such a threat does exist, however, defendant Eleby maintains that he took reasonable measures to protect Mr. Bistrow by consulting

6

with the Protective Control Committee concerning its investigation into the need to place Mr. Bristow in protective control and its subsequent determination that such placement was not necessary because the alleged threat was not substantiated.

The duty of prison officials to protect inmates from violence at the hands of other inmates is well-established. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury perpetrated by one prisoner against another, however, rises to the level of a constitutional violation. Id. at 834. Two requirements must be met for an inmate to prevail on an Eighth Amendment claim based on a prison official's failure to prevent harm. First, the prisoner must demonstrate that he is being held under conditions that pose a substantial risk of serious harm. Second, the inmate must show that the prison official's state of mind was one of "deliberate indifference" to inmate health or safety. Id.

Accepting the well-pleaded allegations in the amended complaint as true, the Court is satisfied that Mr. Bristow has met both requirements. Specifically, the allegations concerning the death threats made against Mr. Bristow for testifying against inmate Hamilton in a criminal proceeding coupled with the prior decisions by defendant Eleby to place Mr. Bristow in protective control at a separate correctional facility are sufficient to show his placement in the same general population as inmate Hamilton may pose a substantial threat of serious physical injury to Mr. Bristow. Likewise, the allegation that defendant Eleby's current decision to place Mr. Bristow in protective control at a different institution was made in retaliation for the litigation and other problems he has caused prison officials sufficiently evinces a culpable state of mind of deliberate indifference on the part of the defendant. Thus, Mr. Bristow has pled a colorable Eighth Amendment claim.

VI.

Based on the foregoing, it is recommended that the defendant's motion for judgment on the pleadings (#27) be granted in part and denied in part. To the extent that the plaintiff seeks monetary damages, the defendant's motion is well-taken. With respect to the plaintiff's claim for injunctive relief, the defendant is not entitled to judgment on the pleadings.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge