IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Lonny Bristow,                  :

     Plaintiff,              :

  v.                              :      Case No.  2:08-cv-0250

William A. Eleby,               :      JUDGE MARBLEY

     Defendant.              :


<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, Lonny Bristow, a state prisoner, claims in this 42 U.S.C. §1983 case that his physical safety has been jeopardized because he has been housed with other inmates who have made threats against him.  He has now moved for a preliminary injunction which, if issued, would require that he be placed in protective custody and transferred to an institution other than the Southern Ohio Correctional Facility.  After considering the defendant's response, Mr. Bristow's reply, and a number of other documents which he has filed relating to the motion for preliminary injunctive relief, it will be recommended that his motion be denied.

I.

    Both parties have submitted affidavits in support of their respective positions.  The following facts appear from those affidavits.  Although some of the facts are in dispute, it appears that the facts which are important to determine whether Mr. Bristow is entitled either to injunctive relief or a hearing on the question are uncontested.

    The basis of Mr. Bristow's lawsuit is that, for years, he had been granted an institutional separation from two other

inmates, inmates Reed and Hamilton. According to Mr. Bristow, he had testified against Mr. Hamilton in a criminal case, and Mr. Reed, like Mr. Hamilton, is a member of the Aryan Brotherhood, a prison gang. Mr. Reed had written a threatening letter to Mr. Bristow, and, of course, Mr. Hamilton had his own motives for retaliating against Mr. Bristow. However, despite this separation, after Mr. Bristow was returned to the SOCF - a move which was justified on the grounds that neither Mr. Hamilton or Mr. Reed were at that institution - Mr. Hamilton was then transferred to the same prison. As a result, Mr. Bristow contends that his personal safety is threatened and he seeks a transfer.

According to Mr. Bristow's motion, on October 21, 2008, he was confronted by another inmate, whom he knew only as "Frank White," about his lunch tray. Without provocation, this inmate punched Mr. Bristow, probably breaking his nose. He subsequently made comments which led Mr. Bristow to believe that the attack occurred because Mr. Bristow had testified against inmate Hamilton in the past.

After this incident, Mr. Bristow was returned to the general population. On October 30, 2008, he was attacked a second time, by an inmate named Walenciej. As a result of that attack, Mr. Bristow was placed into Protective Control. Although a prison committee recommended that he be returned to the general population once again with a separation order, the warden of his institution has determined to keep him segregated from the general population. For some reason which does not appear on the record, although Mr. Bristow was originally placed in Protective Control, he has now been moved to a segregation unit. Nevertheless, he is not in the general population, and the defendant's memorandum argues, in part, that his motion is moot because there is no intent to return him to that population.

None of the above facts appear seriously to be disputed. The dispute between the parties centers on whether either of these attacks were related to inmates Reed and Hamilton. Originally, Mr. Bristow signed documents suggesting that he did not believe such a relationship existed. He had also consented to being returned to the general population after the first assault and indicated to the prison officials that he did not believe that he was in danger. Although Mr. Bristow does not deny that he believed that at least one of these assaults was unrelated to his prior court testimony, he contends, based upon things which occurred afterward, that it is now clear that both of these assaults occurred at the instigation of either inmate Reed or inmate Hamilton. For purposes of ruling upon his motion for injunctive relief, the Court will assume that his version of the facts is correct.

II.

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. See Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). With these standards in mind, the Court now reviews the facts of record to determine whether preliminary injunctive relief is appropriate.

III.

Since the United States Supreme Court decided <u>Farmer v. Brennan</u>, 511 U.S. 825, 839 (1994), the contours of a claim such as that presented by Mr. Bristow in this case are well-known. Prison officials do have a constitutional duty to protect inmates from assaults by other inmates. However, that duty is breached only when an inmate is at substantial risk of being assaulted, and prison officials demonstrate studied indifference to the risk. <u>Id</u>.; <u>see also Hamilton v. Leavy</u>, 117 F.3d 742 (3d Cir. 1997). In other words, for the Eighth Amendment to be violated, prison officials must know and disregard a substantial risk of harm to the inmate in question. An inmate need not demonstrate that he or she has been assaulted in order to show that there is a substantial risk of a future assault, but the burden lies with the inmate to demonstrate that risk. <u>See Lovell v. Brennan</u>, 728 F.2d 560 (1st Cir. 1984). Random acts of violence committed by other prisoners under circumstances where prison officials cannot anticipate such acts do not implicate the Eighth Amendment, even if, in any particular prison setting, the institution has adopted a rule requiring a separation of inmates who are designated for such separation. <u>See Miller v. Turner</u>, 26 Fed.Appx. 560 (7th Cir. December 18, 2001).

Here, the court is willing to assume, for purposes of deciding the motion for injunctive relief, that there is a substantial risk to Mr. Bristow's safety if he remains part of the general population at the SOCF. The combination of threats which he has received and the two most recent assaults are evidence of a risk to his safety, even if the assaults were not directly related to his prior relationship with either inmate Hamilton or inmate Reed. Therefore, for purposes of determining whether Mr. Bristow is likely to succeed on the merits of the claim underlying his request for preliminary injunctive relief, the important question is whether prison officials have demonstrated deliberate indifference to the risk that he may come

to harm if left in the general population.

It is clear from the materials submitted by the parties that Mr. Bristow himself saw no threat to his safety from his return to the general population after the first assault. It is less clear, after the second assault, that returning him to the general population would have been appropriate, but he was not returned to the population. Rather, he was placed in protective custody and he continues either in protective custody status or segregated status up to this point. Under those circumstances, it is not likely that he could demonstrate that the prison officials charged with protecting him from assaultive behavior by other inmates have disregarded the risk and had taken no reasonable steps to assure his personal safety. Thus, focusing solely on the two assaults which form the basis for his motion for injunctive relief, and leaving aside the question of whether he is likely to succeed on the merits of the claim set forth in the complaint, the Court concludes that he is not likely to prevail on the issue of whether the most recent actions taken by the defendant violate the Eighth Amendment or whether he needs an injunction to prevent such a violation from occurring in the future.

The other three factors to be taken into account under Rule 65 similarly do not favor an injunction. If no injunction is issued, Mr. Bristow will still remain separate from the general population and is therefore much less likely to be assaulted. Thus, the risk of injury to Mr. Bristow if he does not receive the requested relief is not great. Further, there is a public interest in allowing prison officials substantial latitude in determining how to classify and to house prisoners in the state prison system based upon their greater knowledge and expertise of the factors which go into those decisions. Finally, there is no risk of harm to other members of the public if the Court does not grant the injunction.

The Court understands that, as part of a preliminary

injunction, Mr. Bristow seeks an order directing the defendant to transfer him to a different institution. Certainly, the fact that other inmates from whom he had been given an institutional separation are in the general population at SOCF raises concerns about whether Mr. Bristow should stay at that institution. The two most recent assaults highlight those concerns, especially if, as Mr. Bristow suspects, the assaults were related in some way to his relationship with the inmates from whom he has been separated. However, the record does not demonstrate a substantial risk to Mr. Bristow if he remains separated from the general population. Thus, he has not shown that he will suffer some type of great or irreparable injury if the Court declines, at this point in the case, to order his immediate transfer to a different institution.

    One final point is in order. The defendant has requested the Court to deny Mr. Bristow's motion for injunctive relief as moot based upon his current status in protective custody or in segregation. The Court has accepted this representation and has relied upon it in making its ruling on Mr. Bristow's motion. In other words, the Court has not been asked to determine whether Mr. Bristow might be entitled to injunctive relief had he simply been continued in general population. It would be completely contrary to the spirit of this recommendation, and to any order which the Court might enter should this recommendation be adopted, if Mr. Bristow were then returned to the general population without being given adequate notice and an opportunity to return to the Court to argue that such an action would, in fact, place him at substantial risk of harm and to justify the issuance of an injunction. Although the warden at Mr. Bristow's institution is not a defendant in this case, the Court assumes that defendant Eleby has the authority and ability to monitor Mr. Bristow's custody situation at SOCF and to make sure that no change in that status occurs without notification to Mr. Bristow and an opportunity for him to raise the propriety of any re-

transfer to the general population both through the prison grievance system and, if necessary, by way of further motion directed to this Court.

IV.

Based on the foregoing, it is recommended that Mr. Bristow's motions for a preliminary injunction and for an evidentiary hearing (#60 & #65) be denied.

V.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge